(November 26, 1974)

■ MAY D. NACLERIO, Appellant, v. UNITED STATES LIFE INSURANCE COMPANY, Respondent.— Order, Supreme Court, New York County, entered on January 24, 1974, unanimously affirmed, on opinion of Asch, J., at Special Term, without costs and without disbursements. No opinion. Concur — McGivern, P. J., Markewich, Nunez and Macken, JJ.

■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property for a Project Known as SOUTH BRONX NEIGHBORHOOD DEVELOPMENT AREA (SOUTH BRONX MODEL CITIES — PHASE I). B. P. OIL CORPORATION, Appellant.— Order, Supreme Court, Bronx County, entered September 28, 1972, granting petitioner's motion to fix the rental value of certain premises described as Damage Parcel No. 1, pursuant to subdivision b of section B15–37.0 of the Administrative Code of the City of New York, at $1,112.03 per month, unanimously reversed, on the law, without costs and without disbursements, and the motion denied, without prejudice to the City of New York proceeding against the occupants of the condemned premises. Appellant B. P. Oil Corporation had been the prime tenant of Damage Parcel No. 1 under a lease, from the fee owners, requiring payment of a basic monthly rental of $1,083.33. That lease was to endure for 15 years from December, 1961. In September, 1970 appellant sublet the subject premises, used as a gasoline service station, for successive terms of six months and also entered into a year-to-year dealer agreement with the subtenant. The basic monthly rent under the sublease was $465. The sublease, which was in full force and effect on title vesting date, contained multiple provisions regulating the conduct of the subtenant's business. As a result of condemnation, title vested in the city on February 11, 1971. On April 20, 1971 appellant terminated its sublease effective retroactively to the title vesting date and also entered into another dealer agreement, similarly retroactive, with the former subtenant and continuing occupant of the condemned premises. Appellant orally notified the city on June 30, 1971 that it had abandoned the premises as of the date of condemnation. The city rejected the notice on the grounds that the service station continued to operate after the date of condemnation under appellant's name and because of appellant's failure to alter the dealer relationship with its former subtenant. The city thereafter filed a claim against appellant for rent due from the date of condemnation through March 31, 1972. A sublease transfers exclusive possession of the premises within the sublease to the subtenant. While the controls imposed here by the sublease restricted the subtenant's use of the premises, they did not similarly affect or limit the subtenants exclusive possession of the premises. Since appellant held only a reversionary interest in the subject premises on and after the date title vested in the city, it was not a " person in possession " within the meaning of subdivision b of section B15-37.0 of the Administrative Code. Concur — McGivern, P. J., Markewich, Nunez, Lupiano and Yesawich, JJ.